UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:11-CR-345-T-17AAS

EDGAR YANEZ GUTIERREZ.

_____/

ORDER

This cause is before the Court on:

Dkt. 666   Motion to Request for Indictment

Defendant Edgar Yanez Gutierrez, pro se, asserts that Defendant has not been served with, or received, seen or heard an Indictment read to him on or off the record. Defendant asserts that Defendant has repeatedly requested a copy of the indictment from his trial counsel to no avail, and now requests the Court to provide a copy of the Indictment to him, so that Defendant may know what Defendant must defend himself against.

Defendant Edgar Yanez Gutierrez entered into a Plea Agreement, pleading guilty to Counts One and Two. At the change of plea proceeding on February 24, 2016, Counts One and Two of the Indictment were read. At that time, Defendant was represented by counsel, and an interpreter translated the proceedings from English to Spanish. Defendant testified under oath that when Defendant was shown documents that were in English, the documents were translated into Spanish, and that Defendant reviewed the Indictment and had discussed the Indictment with his counsel.

Case No. 8:11-CR-345-T-17AAS

Defendant further testified that he understood the penalties that could be imposed as to Counts One and Two. (Dkt. 617).

Defendant Edgar Yanez Gutierrez was sentenced on June 24, 2016. After sentencing, Defendant filed an appeal, which was dismissed due to an appeal waiver. (Dkt. 638).

Defendant Edgar Yanez Gutierrez submitted a Section 2255 Petition (Dkt. 644) (Case No. 8:17-CV-1661-T-17AAS) on multiple grounds, which the Court denied. (Dkts. 656, 657), noting that the record contradicts Defendant's claims.

28 U.S.C. Sec. 2250 authorizes a court to order the Clerk to furnish "such documents or parts of the record on file" as may be required to consider a *pending* writ. "[A] person seeking copies free of charge should set forth sufficient information to enable a determination of the necessity for such copies as are requested, and the pertinency to *some matter then pending*. (Emphasis supplied). *Nunn v. Humphrey*, 80 F.Supp. 856 (M.D. Pa. 1948)....The granting of blanket requests, without prepayment of costs, for transcripts, records, and other official documents in connection with criminal convictions are not within the purview of the present statutes. The prerequisites are:

a. The pendency of a writ of habeas corpus or Sec. 2255 proceedings.

b. The allowance of the same in forma pauperis.

c. An application to the court in which the proceeding is then pending.

Case No. 8:11-CR-345-T-17AAS

    d.    A sufficient showing for that court to make a determination for the necessity of furnishing the desired record at public expense.

    e.    An order to the appropriate Clerk by the Court specifying the records to be furnished.

See United States v. Newsome, 257 F.Supp.201 (N.D. Ga. 1966).

Because there is no pending habeas or Sec. 2255 proceeding, the Court denies Defendant Edgar Yanez Gutierrez' Motion to Request For Indictment is denied without prejudice. If Defendant wants to obtain copies of documents at his own expense, Defendant may request a copy of documents from the Clerk of Court. Accordingly, it is

**ORDERED** that Pro Se Defendant Edgar Yanez Gutierrez' Motion to Request For Indictment (Dkt. 666) is **denied without prejudice**. The Clerk of Court shall provide a copy of this Order to Pro Se Defendant by U.S. Mail at the address below.

**DONE and ORDERED** in Chambers in Tampa, Florida on this ___ day of July 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Case No. 8:11-CR-345-T-17AAS

<u>Pro</u> <u>Se</u> Defendant:

Edgar Yanez Gutierrez
Reg. #65051-018
FCI Sheridan
P.O. Box 5000
Sheridan, OR    97378