```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No.: 8:11-cr-345-VMC-AAS

EDGAR YANEZ GUTIERREZ

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Edgar Yanez Gutierrez's pro se "Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. # 704), filed on March 1, 2021. The United States of America responded on March 15, 2021. (Doc. # 706). For the reasons that follow, the Motion is denied.

**I.  Background**

On June 24, 2016, the Court sentenced Yanez Gutierrez to 188 months' imprisonment for conspiracy to possess with intent to distribute five kilograms or more of cocaine, 500 grams or more of methamphetamine mixture, and a quantity of marijuana, as well as conspiracy to commit money laundering. (Doc. ## 602, 605). Yanez Gutierrez is 36 years old and is expected to be released in October 2027. (Doc. # 706 at 2).

1

In his Motion, Yanez Gutierrez seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, his medical conditions, and his family circumstances. (Doc. # 704). The United States has responded (Doc. # 706), and the Motion is ripe for review.

**II.  Discussion**

The United States argues that the Motion should be denied on its merits. (Doc. # 706). Assuming that Yanez Gutierrez has exhausted his administrative remedies, the Court agrees with the United States and denies the Motion because Yanez Gutierrez's circumstances are not extraordinary and compelling.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially

applies to Yanez Gutierrez is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1).[1] Yanez Gutierrez bears the burden of establishing that

---

[1] The Court is aware that it is not limited to the extraordinary and compelling reasons outlined in USSG § 1B1.13. See, e.g., United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020)("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release. Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."); United States v. Barsoum, No. 8:11-cr-548-VMC-CPT, 2020 WL 3402341, at *2 (M.D. Fla. June 19, 2020)("Because U.S.S.G. § 1B1.13 no longer controls, the Court has the authority to independently determine whether Barsoum's circumstances are extraordinary and compelling."). Nevertheless, the Court considers the examples of extraordinary and compelling circumstances listed in the guideline relevant to the Court's analysis on whether the

compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Additionally, Yanez Gutierrez's previous infection with COVID-19 in December 2020, which does not appear to have been severe and from which Yanez Gutierrez recovered in February 2021, does not justify compassionate release. (Doc. # 704 at 2-3; Doc. # 706 at 10-11; Doc. # 712).

In light of the records reflecting that he was not seriously ill when he had COVID-19, Yanez Gutierrez has not shown that that his past infection is an extraordinary and compelling reason for compassionate release. See, e.g., United States v. Thomas, No. 8:10-cr-438-VMC-AAS, 2020 WL

---

circumstances presented by Yanez Gutierrez warrant compassionate release.

4734913, at *2 (M.D. Fla. Aug. 14, 2020)("The Court understands that Thomas is suffering some unpleasant symptoms as a result of COVID-19. But, in light of the records reflecting that she is not seriously ill, Thomas has not shown that her illness is an extraordinary and compelling reason for compassionate release."); United States v. Frost, No. 3:18-CR-30132-RAL, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020)(denying motion for compassionate release by prisoner who tested positive for COVID-19 and had other medical conditions like diabetes, severe coronary artery disease, and COPD because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison); United States v. Eddings, No. 2:09-CR-00074-JAM-AC, 2020 WL 2615029, at *2 (E.D. Cal. May 22, 2020)(denying motion for compassionate release even though defendant had COVID-19 and "medical conditions that could place him at a higher risk of complications" because he was not experiencing any complications).

Nor does the risk of reinfection with COVID-19 warrant release. See United States v. Coleman, No. 6:11-cr-247-JA-KRS, 2020 WL 5912333, at *3 (M.D. Fla. Oct. 6, 2020)("[T]he mere risk of reinfection of Covid-19 does not constitute an extraordinary and compelling reason for release.").

Additionally, the Court is not convinced that Yanez Gutierrez's other medical conditions — including asthma, diabetes, hypertension, and hyperlipidemia — "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility" or are otherwise serious enough to warrant release. USSG § 1B1.13 comment. (n.1); (Doc. # 704 at 2, 9). Thus, his medical conditions do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care.").

Likewise, Yanez Gutierrez's family circumstances do not constitute an extraordinary and compelling reason for compassionate release. Yanez Gutierrez wishes to be released so that he can care for his 68-year-old mother and his eldest daughter, who suffer from medical conditions that put them at

6

greater risk if they contract COVID-19. (Doc. # 704 at 10). However, Yanez Gutierrez has not provided evidence that these family members are incapacitated by their medical conditions and thus require assistance. While the Court sympathizes with Yanez Gutierrez's situation, his desire to be reunited with and care for his family does not warrant compassionate release. See United States v. Greene, No. 1:17-cr-00012-NT-1, 2020 WL 4475892, at *5 (D. Maine Aug. 4, 2020)(finding that a need to care for an inmate's blind, elderly mother, who had a serious heart condition, does not constitute an extraordinary and compelling circumstance warranting compassionate release).

Even if Yanez Gutierrez had established an extraordinary and compelling reason for compassionate release, this Court would still deny his Motion. Yanez Gutierrez has not shown that he "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, the 18 U.S.C. § 3553(a) factors do not support a reduction in sentence. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

The Court agrees with the United States that granting compassionate release when Yanez Gutierrez has served

7

approximately 50% of his sentence "would not adequately reflect the seriousness of the offense under § 3553(a)(2)(A)" given that Yanez Gutierrez "was part of a large-scale drug trafficking and money laundering organization" that "smuggled cocaine, methamphetamine, and marijuana from California to Tampa in kilogram-quantities, supplied street-level distribution organization, and then laundered hundreds of thousands of dollars in drug proceeds." (Doc. # 706 at 13-14). Therefore, compassionate release must be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Edgar Yanez Gutierrez's pro se "Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (Doc. # 704) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of March, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE